United States District Court
Southern District of Texas
**ENTERED**
April 30, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA ISABELLA GOTOPO CUARTE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00631 |
| | § | |
| RANDY TATE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Maria Isabella Gotopo Cuarte, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials.  Through counsel, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her detention.  Doc. No. 1.  Respondents filed a motion to dismiss and for summary judgment, and Petitioner filed a reply.  Doc. No. 5 & 6.

Petitioner is a Venezuelan national who entered the United States in 2023.  Doc. No. 1 at 3.  The uncontroverted summary judgment evidence establishes that Petitioner is charged with being a noncitizen immigrant "who, at the time of [her] application for admission, was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [Immigration and Nationality Act, "INA"], and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the [INA]." Doc. No. 5-1 at 5. Petitioner does

1 / 3

not plead facts to show that she has been lawfully admitted into the United States. Because Petitioner entered without possessing valid entry documents and has not obtained lawful status, she is an applicant for admission subject to 8 U.S.C. § 1225(b)(2). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026). Therefore, her arguments regarding bond hearings under 8 U.S.C. § 1226(a) and its implementing regulations are foreclosed by *Buenrostro-Mendez*. Her detention is mandated *by statute* under section 1225(b)(2).

In addition, as Respondents point out, Petitioner's Fifth Amendment due process claims also fail. To the extent that Petitioner asserts procedural due process claims, those are unavailing because the statute mandates detention. *See Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded"). Hence, a bond hearing to determine whether she is a danger to the community or a flight risk is futile where it would have no bearing on her mandatory detention.

To the extent that Petitioner raises a substantive due process claim, such claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings*, 583 U.S. at 297; *Carlson v. Landon*, 342 U.S. 524, 538 (1952) ("Detention is necessary a part of th[e] deportation procedure."); *Wong Wing v. United States*, 163 U.S. 228, 235 (1896) ("Proceedings to exclude or expel would be vain if those accused could not be held in custody pending the inquiry into their

true character, and while arrangements were being made for their deportation."). Petitioner does not plead facts that show that she has been detained indefinitely or otherwise show that her detention violates the Constitution.

Finally, to the extent that she contends that her arrest and detention is unconstitutional based on the Fourth Amendment, those claims cannot succeed in this habeas proceeding because § 1225(b) provides Respondents' lawful authority to detain her. *See Kanda v. Cole*, No. 5:26-CV-158, 2026 WL 1014400, at *3–4 (S.D. Tex. Apr. 10, 2026) (rejecting petitioner's Fourth Amendment claims regarding arrest and detention) (citing *Ordonez v. Frink*, No. 4:25-CV-06386, 2026 WL 143153, at *1 (S.D. Tex. Jan. 20, 2026)).

Therefore, the Court **ORDERS** as follows:

1.  Respondents' motion for summary judgment (Doc. No. 5) is **GRANTED**.

2.  This petition (Doc. No. 1) is **DISMISSED**.

3.  All other pending motions, if any, are **DENIED as MOOT**.

SIGNED this ____ 30th ____ day of April 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE